[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #11 (CLAIM OF PLAINTIFF BACHRACH)
In this motion, Levy Droney, P.C. ("Levy") and Joseph Vitale move for summary judgment on the claims made by plaintiff Robert Bachrach in Counts 16 and 47 of the Amended Revised Complaint. Robert Bachrach is alleged to have entered into a residence agreement with East Hill Woods on September 17, 1990.
Prior Dispositions
Summary judgment was granted in favor of Levy and in favor of Vitale in his capacity as legal counsel to East Hill Woods in the ruling on their Motion for Summary Judgment #1 as to the claims made by this plaintiff Counts 47 and in Motion for Summary Judgment #2 as to his claims in Count 16. The instant motion is therefore moot as to these counts, except as they apply to Vitale in his capacity as an officer and trustee of East Hill Woods.
Standard of review and procedural history
The court adopts the statement of the standard of review and CT Page 12899 the explanation of the procedural history of the case set forth in its ruling on Levy's and Vitale's Motion for Summary Judgment #1.
Count 47 (Breach of fiduciary duty)
This court has previously granted summary judgment on this count in favor of Levy and in favor of Vitale as legal counsel. The instant motion contains no indication that Vitale has recognized that this (or any other) plaintiff is not relying solely on his acts as legal counsel for East Hill Woods but has sued him generally for his conduct, including his conduct as an officer and trustee, roles that they allege he had at the relevant times in addition to his role as legal counsel.
Vitale claims that he is entitled to summary judgment because plaintiff "had no fiduciary relationship with Levy Droney." (Movants' Brief, June 4, 1999, p. 6) and "had no relationship at all with Levy Droney." Vitale has not discharged his burden of showing what the facts are with regard to any relationship or duty he had with this or other residents in his capacity as an officer and trustee of this nonprofit corporation. It is possible for a person to have fiduciary responsibilities by virtue of his office rather than by virtue of an agreement with another person. The Connecticut Supreme Court has recognized that fiduciary responsibilities may arise from a wide range of official roles.Konover Development Corp. v. Zeller, 228 Conn. 206, 222 (1994). Vitale has not set forth any facts concerning his duties as an officer and trustee, nor has he briefed the legal duties that may arise from those offices. The court does not find that lack of personal contact precludes a finding of fiduciary relationship.
The movant has the duty of showing what the material facts are and that they entitle him to judgment as a matter of law. Vitale has not discharged this burden and summary judgment is denied with regard to the claim made against him by plaintiff Bachrach in this count in his capacity as an officer and trustee of East Hill Woods.
Count 16 (Aiding and abetting violation of Continuing Care Act)
Summary judgment has already been granted on this count with regard to this plaintiff's claims against Levy and against Vitale in his capacity as legal counsel for East Hill Woods. The ground raised for the entry of summary judgment in the instant motion is CT Page 12900 that Bachrach cannot establish that he relied on a particular disclosure, and that Vitale therefore cannot be found liable as an officer and director for aiding and abetting a violation of the Continuing Care Act by East Hill Woods.
As the movant acknowledges, Bachrach testified at his deposition that he had an attorney and a business friend review the disclosure statement that was provided to him. His claim is that the misleading nature of the disclosure statement led his advisors to conclude mistakenly that the facility had sound financial prospects, and to pass on that misimpression to him. The movant cites no authority for his implication that reliance must be direct, without an agent. At any rate, in his deposition at page 103 Bachrach testified that in addition to having advisors inspect the disclosure, he personally looked at the projections in the disclosure statement. The issue of reliance is at least in dispute.
Conclusion
Vitale has not demonstrated in connection with this motion what his actions were as an officer and trustee of East Hill Woods with regard to the claims made against him in that capacity in Counts 16 and 47. This motion for summary judgment is denied as to Vitale in those capacities.
Summary judgment has previously been granted in favor of Levy and in favor of Vitale as legal counsel as to Counts 16 and 47 and denied as to Vitale as a trustee and officer.
The instant motion is denied with regard to these counts against Vitale as a trustee and officer.
Beverly J. Hodgson Judge of the Superior Court